✓ FILED ___ ENTERED
___ LOGGED _____ RECEIVED
11:34 am, Mar 02 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

P. Michael Cunningham
Assistant United States Attorney
michael.cunningham@usdoj.gov
PEB 01.13.23

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

Direct: 410-209-4884
Main: 410-209-4800
Fax: 410-962-3091

January 25, 2023

Sasha Garcon, Esquire
Kirstin M. Hopkins, Esquire
Assistant Federal Public Defenders
Office of the Federal Defender
100 S. Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

  Re: *United States v. Tanielle Hines,*
    Criminal No. 22-0116-LKG

Dear Counsel:

  This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office" or "the Government"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted and returned by February 10, 2023, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

  1. The Defendant agrees to plead guilty to Count Two of the Indictment pending against her, in which she is charged with theft of mail by a United States Postal employee, in violation of 18 U.S.C. § 1709. The Defendant admits that she is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial, are as follows:

    a. First, that the Defendant was between on or about September 3, 2021 and on or about November 3, 2021, an employee of the United States Postal Service;

   b. Second, that between on or about September 3, 2021 and on or about November 3, 2021, the Defendant stole and removed from mail and letters, money and other things contained therein; and

   c. Third, that the items the Defendant stole and removed were intended to be conveyed in and by the United States mail.

### Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Maximum Imprisonment | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 1709 | 5 years | 3 years | $250,000 | $100 |

   a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

   b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

   c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259.

   d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

   e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

   f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay,

Rev. August 2018

and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

    a. If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

    e. If the Defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the Waiver of Appeal paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case. Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

Rev. August 2018

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

    h. By pleading guilty, the Defendant may also be giving up certain valuable civil rights including the opportunity to engage in certain employment. Defendant nevertheless affirms that she wants to plead guilty regardless of any potential collateral consequences.

## Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998). The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

  6. The Government and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto, which the Government would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. Pursuant to USSG § 2B1.1(a)(2), the base offense level is 6.

    b. There is a 2 level increase pursuant to USSG § 3B1.3, because the Defendant abused a position of trust.

    c. Pursuant to USSG § 2B1.1(b)(2)(A)(i), and App. Note (4)(C), the offense involved 10 or more victims, so two (2) levels are added.

    d. The Government does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. The Government may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, the Government, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty.

    e. Thus, the final adjusted offense level is 8.

  7. The Defendant understands that there is no agreement as to her criminal history or criminal history category, and that her criminal history could alter her offense level if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of her income.

4

Rev. August 2018

## Obligations of the Parties

8. The Government agrees it will not recommend any term of incarceration greater than 90 days. The Defendant is not constrained in her recommended sentence.

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct.

## Restitution

10. The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, which the parties stipulate is at least $2,500. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Collection of Financial Obligations

11. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

12. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form the Government prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Waiver of Appeal

13. In exchange for the concessions made by the Government and the Defendant in this plea agreement, the Government and the Defendant waive their rights to appeal as follows:

a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b. The Defendant and the Government knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: both parties reserve the right to appeal any term of imprisonment to the extent that it is outside the sentencing guideline range.

c. Nothing in this agreement shall be construed to prevent the Defendant or the Government from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

**Obstruction or Other Violations of Law**

14. The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and her sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw her guilty plea or (iv) commits any offense in violation of federal, state or local law, then the Government will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, the Government will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, the Government will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that she may not withdraw her guilty plea because the Government is relieved of its obligations under the agreement pursuant to this paragraph.

**Court Not a Party**

15. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office

nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept the Government's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this agreement. The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between the Government and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

By: _____
P. Michael Cunningham
Assistant United States Attorney

Rev. August 2018

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

02/02/2023
Date

_Tanielle Hines_
Tanielle Hines

We are the Defendant's attorneys. We have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises us that the Defendant understands and accepts its terms. To our knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

2/2/2023
Date

Sasha Garcon, Esq.
Kirstin M. Hopkins, Esq.

Attachment A
Stipulation of Facts

The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.

Tanielle Antoinette HINES, ("HINES"), age 42, is a resident of Baltimore, Maryland. In 2021, HINES was employed by the United States Postal Service ("USPS") as a Mail Processing Clerk at the Baltimore Processing and Distribution Center (P&DC).

Beginning in late September 2021, the USPS Office of Inspector General began an investigation into reports that mail carriers at the Hagerstown Post Office, were receiving mail, particularly greeting cards, that had the earmarks of having been rifled and contents removed. Based on the particular mail sorter used at the Baltimore P&DC, for the mail destined for this post office, suspicion fell upon HINES.

Investigators surveilled HINES at her work station and observed on several occasions she rifled greeting cards that she was supposed to be processing on her assigned Delivery Barcode Sorter ("DBCS") #11. Several times she was observed removing the contents of particular greeting cards and concealing the contents on her person.

On October 31, 2021, another postal worker at the Baltimore P&DC discovered about 39 multi-colored greeting cards and several pieces of first-class mail in a garbage can in a women's restroom. All the greeting cards had been ripped open. On November 3, 2021, investigators observed HINES rifle multiple greeting cards while working at her mail sorter.

On November 10, 2021, HINES was confronted by investigators at her work site. Although she initially denied rifling mail and stealing contents, eventually HINES admitted that she did so. Although HINES claimed that she only stole $420, the investigators were able to attribute more than 850 items of rifled mail to her. A survey of possible individual victims resulted in the USPS being able to identify about 54 intended mail recipients who reported losses totaling $2,537.

At no time was HINES authorized to open or rifle mail that was intact, and remove any contents thereof, and keep said contents for herself.

SO STIPULATED:

P. Michael Cunningham
Assistant United States Attorney

1

I have reviewed the foregoing statement of facts with my attorneys, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

*[signature: Tanielle Hines]*

Tanielle A. Hines
Defendant

We are Ms. Hines' attorney. We have carefully reviewed the statement of facts with her. She advises us that she understands it, agrees with it, and does not wish to change any part of it.

*[signature]*

Sasha Garcon, Esquire
Kirstin M. Hopkins, Esquire
Counsel for Ms. Hines